I agree with the majority that the trial court erred in finding the mother in contempt. I also agree that the trial court erred in modifying the visitation order to state that every other weekend the daughters are to come to Mobile or else the father, his new wife, and the sons are to go to Chicago, where the daughters now live. I write specially to note that every case involving a visitation issue must be decided on its own facts and circumstances, but the primary consideration in establishing visitation rights of the noncustodial parent is the best interest and welfare of the child. Carr v. Broyles, 652 So.2d 299
(Ala.Civ.App. 1994).
Under the facts of this case, the trial court should have considered not only the travel demands placed on the children, but also evidence of how visitation had been exercised in the past. Testimony from both the daughters indicated that the father had exercised his visitation with them only "half of the time." I also note that because the husband petitioned for a change in custody and not for a modification of visitation, no evidence was presented as to the mother's visitation with her sons when the trial court sua sponte modified visitation. Evidence regarding the mother's visitation rights with the sons should be considered as well.